UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NELSON HERNANDEZ HERRERA,

    Petitioner,

    v.                            Case No. 25-CV-1994

SAM OLSON, *et al.*,

    Respondents.

## DECISION AND ORDER ON PETITIONER'S MOTION
## FOR ATTORNEY'S FEES

Nelson Hernandez Herrera, a Colombian national who was detained by U.S. Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility in Juneau, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Habeas Petition, Docket # 1.) He argued that he was unlawfully detained without a bond hearing in violation of the Immigration and Nationality Act ("INA") and his Fifth Amendment Due Process rights. (*Id.*) On January 28, 2026, I granted his habeas petition and ordered that Herrera be provided a bond hearing by an Immigration Judge. (Docket # 10.) Herrera's bond hearing occurred on February 6, and he posted bond on February 9, 2026. (Docket # 12.) Herrera was released from custody on February 10, 2026. (*Id.*)

Herrera now moves for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docket # 13.) For the reasons stated below, Herrera's motion is denied.

## LEGAL STANDARD

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The government concedes that Herrera was the prevailing party, and the government points to no special circumstances making an award unjust. There is also no dispute that Herrera's motion is timely. Thus, the only question is whether the government's position was substantially justified.

The government bears the burden of proving its position was substantially justified. *Cunningham*, 440 F.3d at 864. A position is substantially justified if it is "justified in substance or in the main" or "justified to a degree that could satisfy a reasonable person." *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009). A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *Id.*; *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Rather, courts must evaluate as a whole "the factual and legal support for the government's position throughout the entire proceeding." *Kholyavskiy*, 561 F.3d at 691 (internal quotation omitted). One factor courts can consider is whether the government's position is supported by circuit precedent or that of other courts. *Id.* (citing *Krecioch v. United States*, 316 F.3d 684, 689 (7th Cir. 2003)). Additionally, "uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position." *Marcus v. Shalala*, 17 F.3d 1033, 1037 (7th Cir. 1994).

2

## ANALYSIS

The question presented by Herrera's habeas petition was whether he was subject to mandatory detention throughout his removal proceedings under 8 U.S.C. § 1225(b), or entitled to a bond hearing under 8 U.S.C. § 1226(a). The government argued that Herrera was subject to mandatory detention. (Docket # 8.) I acknowledged the split within this district on the novel question but ultimately sided with Herrera. (Docket # 10.) Despite the absence of binding precedent, I accorded the Seventh Circuit's decision in *Castañon-Nava v. United States Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) substantial weight and concluded Herrera's detention was governed by § 1226(a).

The government argues its position was substantially justified because courts within this district have split on the issue. *See Cirrus Rojas v. Olson*, Case No. 25-CV-1437, 2025 WL 3033967 (E.D. Wis. Oct. 30, 2025); *Ugarte-Arenas v. Olson*, Case No. 25-C-1721, 2025 WL 3514451 (E.D. Wis. Dec. 8, 2025); *Ramirez Valverde v. Olson*, Case No. 25-CV-1502, 2025 WL 3022700 (E.D. Wis. Oct. 29, 2025), *appeal filed*, No. 25-3316; *Rivas-Alonso v. Olson*, Case No. 25-CV-1660, 2025 WL 3240928 (E.D. Wis. Nov. 20, 2025), *appeal filed*, No. 26-1100. Further, the government points to two circuit courts agreeing with its interpretation of the relevant statutes as further evidence that its position was substantially justified. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

I agree that the division within this district and among courts across the country supports a finding that the government's position was substantially justified. Although I disagreed with the government's position, the position has a reasonable basis in law and fact. Indeed, at the time Herrera was detained, the Board of Immigration Appeals had decided that noncitizens who had not been admitted to the United States were subject to mandatory

detention under § 1225, as the government argued against Herrera. *In re Hurtado*, 29 I & N. Dec. 216 (2025). Though the vast majority of courts considering the issue have rejected this statutory interpretation, it cannot be said to be unreasonable. *See Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. Nov. 26, 2025) (collecting cases). This is especially so given the novelty of the issue and the circuit split it has created. *See Buenrostro-Mendez*, 164 F.4th at 503–08; *Avila*, 170 F.4th at 1133–39; *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, --- F.4th ---, 2026 WL 1243395 (11th Cir. 2026) (holding mandatory detention provision, § 1225(b)(2)(A), does not apply to noncitizens found in interior of the country); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) (same); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *see also Castañon-Nava v. United States Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). Other district courts considering whether a prevailing petitioner is entitled to attorney's fees under the EAJA have reached the same conclusion—relying on the division among courts to deny the requests. *See Kadidiatou D. v. Easterwood*, 2026 WL 969017, at *1 (D. Minn. Apr. 10, 2026); *Lopez v. Trump*, 816 F. Supp. 3d 492 (D. Vt. Jan. 14, 2026); *Chang v. Mullin*, 2026 WL 915456 (D. Neb. Apr. 3, 2026). As such, Herrera's request for attorney's fees under the EAJA is denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Herrera's Motion for Attorney's Fees (Docket # 13) is **DENIED**.

4

Dated at Milwaukee, Wisconsin this 4th day of June, 2026.

BY THE COURT:

NANCY JOSEPH
United States Magistrate Judge

5